UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA CLAY,

Case No. 02 - 74629

Honorable ___ AN FEIKENS

Plaintiff,

vs.

MAGISTRATE JUDGE MORGAN

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, a Delaware corporation, and
BRIDGESTONE CORPORATION, a foreign corporation,

Defendants.

FILED

**ADLER & ASSOCIATES**
Barry D. Adler (P30557)
30300 Northwestern Hwy, #304
Farmington Hills, MI 48334
(248) 855-5090
Attorneys for Plaintiff

**BUTZEL LONG**
Daniel P. Malone (P29470)
Lynn A. Sheehy (P38162)
Katherine L. O'Connor (P57406)
150 West Jefferson, Suite 900
Detroit, Michigan 48226
(313) 225-7000
Attorneys for Defendant

**NOTICE OF REMOVAL OF DEFENDANT BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC**

TO:   BARRY D. ADLER (P30557)
      Adler & Associates
      30300 Northwestern Hwy, #304
      Farmington Hills, Michigan 48334

Defendant Bridgestone/Firestone North American Tire, LLC (hereinafter "BFS"), a

Delaware corporation, by filing this Notice of Removal, removes this action from the Circuit

Court for the County of Wayne, State of Michigan, to the United States District Court for the

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Eastern District of Michigan.  In support of removal, Defendant BFS respectfully states as follows:

1.      This action is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332(a).  It is also an action which Defendant BFS is entitled to remove to this Court pursuant to 28 U.S.C. §1441 because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and because the action is between citizens of different states.

2.      On October 15, 2002, Plaintiff filed a First Amended Summons and Complaint in the Wayne County Circuit Court in the State of Michigan, entitled "Melissa Clay, Plaintiff vs. Bridgestone/Firestone North American Tire, LLC, a Delaware corporation, and Bridgestone Corporation, a foreign corporation, Defendants,"  Case No. 02-232243-NP (hereinafter "State Court Action".)

3.      Attached hereto as Exhibit A is a true and correct copy of the First Amended Summons and Plaintiff's First Amended Complaint, which was first received by Defendant BFS on October 24, 2002, when it was served on BFS's agent for service of process, National Registered Agents, Inc.  The attached First Amended Complaint sets forth the claims upon which Plaintiff's action against Defendant is based.

4.      Defendant BFS has not served an Answer in the State Court Action.  Other than the Summons and Complaint on September 9, 2002 (filed but not served) and First Amended Summons and Complaint, no other pleadings have been filed in the State Court Action.

5.      Plaintiff has alleged in its First Amended Complaint that Plaintiff is a resident of the City of Dearborn Heights, County of Wayne, State of Michigan. (Compl. at ¶ 1.)

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Plaintiff is a citizen of the State of Michigan.

6.     Defendant BFS is a Delaware corporation with its corporate headquarters in the City of Nashville, State of Tennessee and had, and still has it principal place of business in states other than the State of Michigan.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and as defined by 28 U.S.C. § 1332(c), BFS is a citizen of a State other than Michigan.

7.     Defendant Bridgestone Corporation is a foreign corporation, with its principal place of business in Japan.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3), and as defined by 28 U.S.C. § 1332(c), Bridgestone Corporation is a citizen of a State other than Michigan.  Upon information and belief, Bridgestone Corporation has not yet been served with the Summons and Complaint.

8.     Thus, as between Plaintiff and Defendants, diversity is complete for purposes of 28 U.S.C. §1332(a).

9.     Plaintiff's Complaint alleges that it is owed extensive damages, including severe and grievous injuries including permanent reduction in range of motion, permanent scarring from a laceration and abrasion, pain, suffering, disability, disfigurement, emotional and mental anxiety, humiliation, and loss of enjoyment of life and other non-economic loss.  Plaintiff's Complaint also alleges that Plaintiff has been required to undergo medical care and treatment, including surgery, hospitalization and rehabilitation. Plaintiff alleges that she has sustained a diminution in her earning capacity.  (See Complaint ¶'s 106,107, 109 and 110)

10.     Based on the allegations contained in Plaintiff's Complaint, the injuries described, and based upon Plaintiff's refusal to confirm that they will not be seeking a recovery

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

in excess of $75,000.00 (See **Exhibit B**, Correspondence to Plaintiff's counsel, to which there was no reply), the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

11.    By reason of the amount in controversy and the complete diversity of citizenship of the parties, the action is within the original jurisdiction of this Court, pursuant to 28 U.S.C. §1332(a).

12.    This action is accordingly removable from the Wayne County Circuit Court in the State of Michigan, to this Court under the provisions of 28 U.S.C. §1332(a) and 28 U.S.C. §1441(a).

13.    This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of a copy of the initial pleading, thus this case is removable pursuant to the provisions of 28 U.S.C. §1446(b).

14.    Defendant has this date given written notice of the filing of this Notice of Removal to Plaintiff and has filed a copy of this Notice of Removal with the Clerk of the Wayne County Circuit Court in the State of Michigan in accordance with 28 U.S.C. §1446(d).  A copy of the Notice of Filing Notice of Removal and Affidavit of Lynn A. Sheehy is attached hereto as Exhibit C.

**WHEREFORE,** Defendant Bridgestone/Firestone North American Tire respectfully prays that the above action now pending in the Wayne County Circuit Court in the State of Michigan, Case No. 02-232243-NP be removed from that Court to this Court for all future proceedings in this matter.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

4

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: _____
    Daniel P. Malone (P29470)
    Lynn A. Sheehy (P38162)
    Katherine L. O'Connor (P57406)
150 West Jefferson, Suite 900
Detroit, Michigan  48226
(313) 225-7000
Attorneys for Defendant BFS

Dated:  November 20, 2002

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Approved, SCAO

This form is available from—
Target Information Management, Inc.
(517)337-1211

| | | Original - Court | 2nd copy - Plaintiff |
|---|---|---|---|
| | | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN JUDICIAL DISTRICT 3rd- JUDICIAL CIRCUIT COUNTY PROBATE | FIRST AMENDED SUMMONS AND COMPLAINT | CASE NO. 02-232243-NP |
|---|---|---|

| Court address 2 Woodward Ave., Detroit, MI 48226 | Court telephone no. (313) 224-5192 |
|---|---|

| Plaintiff name(s), address(es), and telephone no(s). Melissa Clay | v | Defendant name(s), address(es), and telephone no(s). Bridgestone/Firestone North American Tire, LLC c/o National Registered Agents, Inc. 2201 East Grand River Lansing, MI 48912 |
|---|---|---|
| Plaintiff attorney, bar no., address, and telephone no. Barry D. Adler (P30557) 30300 Northwestern Hwy., #304 Farmington Hills, MI 48334 (248) 855-5090 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued Oct 15, 2002 | This summons expires JAN 14, 2003 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in **Wayne County Circuit Court** Court.

The action ☒ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. 02-232243-NP | Judge Kaye Tertzag | Bar no. 21342 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Wayne County, MI | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted Wayne County, MI | |

I declare that the **complaint** information above and attached is true to the best of my information, knowledge, and belief.

| 10/8/02 Date | Signature of attorney/plaintiff BARRY D. ADLER (P30557) |
|---|---|

If you require special accommodations to use the court because of disabilities, contact the court immediately to make arrangements.

MC 01 (9/98) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF WAYNE

MELISSA CLAY,

                  Plaintiff,                           Case Number: 02-232243-NP
                                                         Honorable Kaye Tertzag

-vs-

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, a Delaware corporation, and
BRIDGESTONE CORPORATION, a foreign corporation,

                  Defendants.

_____/

BARRY D. ADLER(P30557)
Adler & Associates
Attorney for Plaintiff
30300 Northwestern Hwy. # 304
Farmington Hills, MI 48334
(248) 855-5090

_____/

THERE IS NOW ON FILE IN THIS COURT A CIVIL ACTION BETWEEN THESE PARTIES OR OTHER PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT. THE ACTION WAS DISMISSED AND IS NUMBER 02-232243-NP. THE ACTION WAS ASSIGNED TO JUDGE KAYE TERTZAG.

                           _____
                           BARRY D. ADLER (P30557)
                           Attorney for Plaintiff

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, MELISSA CLAY, by and through her attorney, BARRY D. ADLER, and for her Complaint against the above-named Defendants, states as follows:

## GENERAL ALLEGATIONS

        1.     That Plaintiff MELISSA CLAY is and was, at all times pertinent hereto, a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

        2.     That Defendant BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, a Delaware corporation (hereinafter "FIRESTONE") is and was, at all times pertinent hereto, a foreign corporation with its principal place of business in the City of Nashville, State of Tennessee, but doing business in and/or causing consequences to occur with regard to this incident, and otherwise within the jurisdiction of this Court.

3.      That Defendant BRIDGESTONE CORPORATION (hereinafter "BRIDGESTONE") is and was, at all times pertinent hereto, a foreign corporation with its principal place of business in the Country of Japan, but doing business in and/or causing consequences to occur with regard to this incident, and otherwise within the jurisdiction of this Court.

4.   .   That on or about September 14, 1999, at approximately 5:50 p.m. (hereinafter "date of incident"), Plaintiff, MELISSA CLAY, sustained severe injuries as a result of a single vehicle collision beginning in the far left lane of eastbound Interstate 94 and ending in the two exit lanes to Merriman/Middlebelt roads, approximately two-tenths a mile west of Merriman Road, City of Romulus, County of Wayne, State of Michigan.

5.      That at the date and time of this incident, Plaintiff, MELISSA CLAY, was a passenger in the above-mentioned vehicle driven by ANGELA KONIA (hereafter "DRIVER").

6.      That at the date and time of this incident, the vehicle was traveling eastbound in the far left lane of Interstate 94 at or about the speed limit with the prevailing traffic when the vehicle in front of her slowed to the point it was necessary for the driver to apply her brakes and swerve but she lost control of the vehicle as a proximate result of right front tire tread separation.

7.      That the vehicle herein involved was a two door, white, 1998 Ford Explorer Sport bearing vehicle identification number 1FMYU22E0WUB97681 and registration number 9AAJ21 (hereinafter "the vehicle")

8.      That the vehicle was equipped with four Firestone tires.

9.      That the aforesaid tires were designed, manufactured, sold, and supplied by Defendants FIRESTONE and/or BRIDGESTONE.

10.     That the tread of the right front tire separated, causing a complete loss of control of the vehicle.

11.     That Defendants FIRESTONE and BRIDGESTONE are in the business of designing, manufacturing, selling and/or supplying tires such as, but not limited to, those equipped on the vehicle.

12.     That as a result of the defective conditions of the tires, along with the negligence, gross negligence, breach of expressed and implied warranties, and violations of the Michigan Consumer Protection Act by all Defendants, jointly and severally, as heretofore alleged, Plaintiff, MELISSA CLAY, sustained severe injuries when the vehicle went out of control and rolled over.

13.     That the driver, did not misuse the vehicle.

14.     That the use to which the vehicle was put, i.e. driving on the interstate, was foreseeable to Defendants.

15.     That Plaintiff was unaware of any defects within the vehicle, including its tires.

16.     That Plaintiff did not voluntarily expose herself to a recognized risk of injury by the tire failure herein involved, furthermore, that Plaintiff was unaware of the serious risk or death by tread separation of this tire with this vehicle.

17.     That Plaintiff was unaware of the numerous pending lawsuits beginning in 1990-1991 and continuing to this date involving Ford Explorers and Firestone tires.

18.     That Plaintiff, was unaware of the recall campaign Defendants had conducted in other countries regarding Firestone tires prior to the date of this incident.

19.     That Plaintiff was unaware of the several instances of failure of Firestone tires known to Defendants.

20.     That Plaintiff was unaware of the complaints logged at the National Highway Transportation Safety Administration (hereinafter "NHTSA") regarding Firestone tires.

21.     That Plaintiff was unaware of the problems occurring at FIRESTONE'S Decatur, Illinois, manufacturing plant.

22.    That Plaintiff was unaware of the substandard manufacturing practices used at FIRESTONE'S Decatur, Illinois, plant.

23.    That Plaintiff was unaware of the several instances in which Defendants were party defendants in cases alleging defective conditions of Firestone tires which caused other injuries or deaths.

24.    That Plaintiff was unaware of any documents produced in the aforesaid cases by these Defendants which were ordered to be kept secret at the request of these Defendants.

25.    That Plaintiff was unaware that in or about October, 1998, Ford Venezuela asked BRIDGESTONE/FIRESTONE to study reports known of tire failures.

26.    That Plaintiff was unaware of reports of at least 17 cases of tread separation occurring in 1998 and 1999 in Saudi Arabia involving Firestone tires.

27.    That Plaintiff was unaware that in or about July/August, 1999, FORD recalled Firestone tires in Saudi Arabia.

28.    That Plaintiff was unaware that in approximately November, 1999, to April, 2000, BRIDGESTONE/FIRESTONE launched a study of problems in Arizona at FORD'S request regarding the failure of Firestone tires.

29.    That Plaintiff was unaware that in or about February, 2000, FORD recalled Firestone tires in Malaysia and Thailand.

30.    That Plaintiff was unaware that in or about May, 2000, FORD recalled Firestone tires in Columbia, Ecuador and Venezuela.

31.    That Plaintiff was unaware that on May 2, 2000, after receiving numerous inquiries and complaints from consumers in the United States, NHTSA opened an investigation into the failures of Firestone tires.

32.    That Plaintiff was unaware that in or about May, 2000, FORD'S CEO Jac Nasser told BRIDGESTONE/FIRESTONE'S United States Chief, Masatoshi Ono, regarding said recall campaign "We're going to do it with you ... or without you."

33.    That Plaintiff was unaware that on or about March 6, 2000, NHTSA privately opened an initial evaluation of Firestone tires made between 1990 and 2000 relating to complaints of tread separation resulting in several crashes.

34.    That Plaintiff was unaware that on or about May 8, 2000, NHTSA conducted an inquiry of BRIDGESTONE and FIRESTONE for information about Firestone tires.

35.    That Plaintiff was unaware that on or about May 10, 2000, NHTSA conducted an inquiry of FORD regarding Firestone tires used in that Defendant's product lines.

36.    That Plaintiff was unaware that employees at FIRESTONE'S Decatur, Illinois, plant knew and/or had reason to know of substandard manufacturing practices used to make Firestone tires.

37.    That Plaintiff was unaware of the failure rate of Firestone tires manufactured in 1994 to 1996 at the Decatur, Illinois plant, as well as other failure rates of these tires.

38.    That Plaintiff was unaware that tread separations on tires are caused by poor bonding during the manufacturing process.

39.    That Plaintiff was unaware that tread separations on tires are caused by poor bonding problems which can result from using a bad formula that does not bond well.

40.    That Plaintiff were unaware that tread separations on tires are caused by poor bonding problems which can result from contaminants in the tire.

41.    That Plaintiff was unaware that tread separations on tires are caused by poor bonding problems which can result from under-vulcanization.

42.    That Plaintiff was unaware that tread separations on tires are caused by poor bonding problems which can result from lack of "tackiness" because of old ingredients.

43.     That Plaintiff was unaware that tread separations on tires are caused by poor bonding problems which can result from air trapped between layers of the tire.

44.     That Plaintiff was unaware that tread separations on tires are caused by poor bonding problems which can result from puncturing air holes in the manufacturing process.

45..    That Plaintiff was unaware that tread separations on tires are caused by poor bonding problems which can result from improperly sized strips used in building the tire.

46.     That Plaintiff was unaware that manufacturers of tires go to great lengths to prevent public disclosure of what manufacturers consider "trade secrets" even when the lives of consumers are in the balance.

47.     That Plaintiff was unaware that the tires were not manufactured with a nylon overlay, nor did Plaintiff know of the risk of serious injury or death caused by lack of such a safety device.

48.     That Plaintiff was unaware of the risks of serious injury or death that resulted from the defective vehicle, including its tires.

49.     That Plaintiff did not foresee the risk of tread separation nor its consequences.

50.     That the vehicle is not inherently and necessarily dangerous, and that there were feasible and practicable design and manufacturing alternatives available to Defendants to reduce foreseeable and unreasonable risk of injury.

51.     That the risk of injury regarding tread separation on the vehicle was not open and obvious to Plaintiff.

52.     That Plaintiff did not assume the risk of injury caused by the vehicle's inherent defects.

53.     That Defendants had knowledge of the defects within the vehicle, including its tires.

54.     That Defendants had knowledge of the numerous pending lawsuits beginning in 1990 - 1991 and continuing to this date involving Firestone tires

55.     That Defendants had knowledge of the recall campaign Defendants had conducted in other countries regarding Firestone tires prior to the date of this incident.

56.     That Defendants had knowledge of the several instances of failure of Firestone tires.

57.     That Defendants had knowledge of the complaints logged at NHTSA regarding Firestone tires.

58.     That Defendants had knowledge of the problems occurring at FIRESTONE'S Decatur, Illinois, manufacturing plant.

59.     That Defendants had knowledge of the substandard manufacturing practices used at FIRESTONE'S Decatur, Illinois, plant.

60.     That Defendants had knowledge of the several instances in which Defendants were party defendants in cases alleging defective conditions of Firestone tires which caused other injuries or deaths.

61.     That Defendants had knowledge of documents produced in the aforesaid cases by these Defendants which were ordered to be kept secret at the request of these Defendants.

62.     That Defendants had knowledge that in or about October, 1998, Ford Venezuela asked BRIDGESTONE/FIRESTONE to study reports known of tire failures.

63.     That Defendants had knowledge of reports of at least 17 cases of tread separation occurring in 1998 and 1999 in Saudi Arabia regarding Firestone tires.

64.     That Defendants had knowledge that in or about July/August, 1999, FORD recalled Firestone tires in Saudi Arabia.

65.     That Defendants had knowledge that in approximately November, 1999, to April, 2000, BRIDGESTONE/FIRESTONE launched a study of problems in Arizona at FORD's request regarding the failure of Firestone tires.

66.     That Defendants had knowledge that in or about February, 2000, FORD recalled Firestone tires in Malaysia and Thailand.

67.   That Defendants had knowledge that in or about May, 2000, FORD recalled Firestone tires in Columbia, Ecuador and Venezuela.

68.   That Defendants had knowledge that on May 2, 2000, after receiving numerous inquiries and complaints from consumers in the United States, NHTSA opened an investigation into the failures of Firestone tires.

69.   That Defendants had knowledge that in or about May, 2000, FORD'S CEO Jac Nasser told BRIDGESTONE/FIRESTONE'S United States Chief, Masatoshi Ono, regarding said recall campaign "We're going to do it with you ... or without you"

70.   That Defendants had knowledge that on or about March 6, 2000, NHTSA privately opened an initial evaluation of Firestone tires made between 1990 and 2000 relating to complaints of tread separation resulting in several crashes.

71.   That defendants had knowledge that on or about May 8, 2000, NHTSA conducted an inquiry of BRIDGESTONE and FIRESTONE for information about Firestone tires.

72.   That Defendants had knowledge that on or about May 10, 2000, NHTSA conducted an inquiry of FORD regarding Firestone tires used in FORD's product lines.

73.   That Defendants had knowledge that employees at FIRESTONE'S Decatur, Illinois, plant knew and/or had reason to know of substandard manufacturing practices used to make Firestone tires.

74.   That Defendants had knowledge of the failure rate of Firestone tires manufactured in 1994 to 1996 at the Decatur, Illinois, plant.

75.   That Defendants had knowledge that tread separations on tires are caused by poor bonding during the manufacturing process.

76.   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from using a bad formula that does not bond well.

77.   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from contaminants in the tire.

78   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from under-vulcanization.

79.   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from lack of "tackiness" because of old ingredients.

80.   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from air trapped between layers of the tire.

81.   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from puncturing air holes in the manufacturing process.

82.   That Defendants had knowledge that tread separations on tires are caused by poor bonding problems which can result from improperly sized strips used in building the tire.

83.   That Defendants had knowledge that information critical to the safety of consumers, including the Plaintiff, was not made public.

84.   That Defendants had knowledge that the tires were not manufactured with a nylon overlay and knew the risk of serious injury or death caused by lack of such a safety device.

85.   That Defendants had knowledge of the risks of serious injury or death that resulted from the defective vehicle, including its tires.

86.   That Defendants had knowledge of the foreseen risk of tread separation and its consequences.

87.   That the amount in controversy is in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), exclusive of interest, costs and attorneys' fees, and the matter in controversy is otherwise within the jurisdiction of this Court.

88.     That Defendants FIRESTONE and BRIDGESTONE, jointly and severally, had actual knowledge and were negligent, and that such negligence was a proximate cause of Plaintiff's injuries and damages as heretofore alleged.

89.     That Defendants FIRESTONE'S and BRIDGESTONE'S conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff, MELISSA CLAY.

90.     That the tires, were defective and not reasonably fit for their reasonably foreseeable purposes as heretofore alleged, and that such defective conditions were a proximate cause of Plaintiff's injuries and damages.

91.     That Defendants had actual knowledge and continued to misrepresent the safety of the tires through the date of incident and including July 24, 2000, when Christine Karbowiak of BRIDGESTONE/FIRESTONE made the following misrepresentation:

"The safe performance of our tires, and the well being of the people who drive on them, are of utmost concern to us, everyday in everything we do. From design, to manufacturing, to customer service, our tires undergo a rigorous process so that we can be confident in their safety."

92.     That BRIDGESTONE'S and FIRESTONE'S conduct was so reckless as to demonstrate a substantial lack of concern for whether injuries result, and were grossly negligent including, but not limited to, their deliberate failure to inform the consuming public, including Plaintiff, of the risk of serious injury and death relating to Firestone tires.

93.     That Defendants, jointly and severally, had the duty to exercise reasonable care for the  safety of Plaintiff.

94.     That Defendants had knowledge, knew or should have known, of the defective conditions of the vehicle and the tires which created an unreasonable risk of injury to Plaintiff.

95.     That Defendants had knowledge that would have led a reasonable person to conclude that unreasonable risk of injury was present with the tires which includes, but is not limited to, the following allegations.

96.     That Defendants had knowledge of their recall campaigns in other countries regarding Firestone tires.

97.     That Defendants had knowledge of several incidents of failure of Firestone tires caused by alleged defects.

98.     That Defendants had knowledge of the manufacturing process used at FIRESTONE'S Decatur, Illinois, plant during the period of 1994-1996.

99.     That Defendants had knowledge that FORD recalled Firestone tires in Saudi Arabia in or about July-August, 1990.

100.    That Defendants had knowledge of the unreasonable risk of serious injury caused by tread separation on the vehicles.

101.    That Plaintiff sustained injuries including Plaintiff, MELISSA CLAYS's, current loss of range of motion which was a proximate result of:

    a.    The negligence of each Defendant, jointly and severally;

    d.    The gross negligence of each Defendant, jointly and severally;

    c.    The recklessness of each Defendant, jointly and severally;

    d.    The defective condition of said vehicle with these tires,

    e.    The Defendants' breach of implied warranty, jointly and severally;

    f.    The Defendants' breach of express warranties, jointly and severally;

    g.    The fraud misrepresentation of each Defendant, jointly and severally;

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 48334 (248) 855-5090

    h.      The violation of voluntary and industry standards and government rules and regulations by each Defendant, jointly and severally,

    i.      The violation of the Michigan Consumer Protection Act by each Defendant, jointly and severally.

102. That through this Complaint, Plaintiff seeks to hold each Defendant, jointly and severally, liable for the injuries and damages sustained by Plaintiff as a result of this incident.

## COUNT I - NEGLIGENCE - FIRESTONE

103. That Plaintiff repeats and realleges each and every allegation contained in this Complaint, as well as amended and consolidated pleadings, as it more fully set forth herein.

104. That Defendant FIRESTONE owed Plaintiff the legal duty and legal continuing duty to design, manufacture, assemble, test, service, sell, distribute, instruct, warn, and recall said tires in such manner so as to eliminate unreasonable and foreseeable risks of injury.

105. That Defendant FIRESTONE breached its duty owed to Plaintiff, MELISSA CLAY, was negligent in the following particulars including, but not limited to:

    a.      Failing to adequately design, manufacture, assemble, test, distribute, sell, supply, instruct and recall said tires,

    b.      Failing to supply said tires free of defects and reasonably fit for their reasonably foreseeable uses,

    c.      Failing to provide adequate component parts for said tires,

    d.      Failing to provide adequate instructions and warnings with regard to said tires,

    e.      Negligently misrepresenting the safety of said tires,

    f.      Failing to recall said tires,

    g.      Failing to advise consumers of the foreseeable and unreasonable risk of injury of said tires,

    h.      Failing to correct deficiencies within said tires prior to the date of incident,

    i.      Failing to correct deficiencies and warnings and instructions regarding said tires prior to the date of incident,

    j.      Failing to use feasible and practical design alternatives to reduce the risk of injury of said tires,

    k.      Failing to use feasible and practical manufacturing alternatives to reduce the risk of injury from said tires,

    l.      Other acts and/or omissions which will be ascertained during discovery and with Plaintiff reserves the right to amend and incorporate herein.

106. That as a direct and proximate result of Defendant FIRESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, was caused severe and grievous injuries, the full extent of which is not presently known but which would include, but not be limited to permanent reduction in range of motion, permanent scarring from a laceration and abrasion - all causing pain, suffering, disability, disfigurement, emotional and mental anxiety, humiliation, and the loss of the natural enjoyment of life;

107. That as a direct and proximate result of Defendant FIRESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has been required to undergo medical care and treatment, including surgery, hospitalization and rehabilitation, and may, in the future, be required to undergo further medical care.

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 48334 (248) 855-5090

108.   That as a direct result of Defendant FIRESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has been required to expend various sums of money and/or incur various monetary obligations and in the future be required to make additional expenditures and/or incur further monetary obligations.

109.   That as a direct and proximate result of Defendant FIRESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has sustained pain and suffering, loss of enjoyment of life, disfigurement, mental and emotional distress, and other non-economic loss.

110.   That as a further direct and proximate result of Defendant FIRESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has sustained a diminution in her earning capacity.

111.   That Plaintiff, MELISSA CLAY, further avers the Defendant FIRESTONE may or could have aggravated pre-existing physical or mental conditions that were not then apparent to Plaintiff at the time of the occurrence.

**WHEREFORE**, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT II - GROSS NEGLIGENCE - FIRESTONE

112.   That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as well as other amended and consolidated pleadings as if more fully set forth herein.

113.   That prior to the date of incident Defendant FIRESTONE had knowledge that said tires were defective and that there was a substantial likelihood that the defect would cause injury such as but not limited to that which is the basis of this action herein involved.

114.   That Defendant FIRESTONE willfully disregarded that knowledge.

115.   That Defendant FIRESTONE'S misconduct as herein alleged, was a proximate cause of the injuries and damages sustained by Plaintiff, MELISSA CLAY.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorneys' fees.

## COUNT III - RECKLESSNESS - FIRESTONE

That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as well as other amended and consolidated pleadings as if more fully set forth herein.

116.   That prior to the date of incident Defendant FIRESTONE had knowledge that said tires were defective and that there was a substantial likelihood that the defect would cause injury such as but not limited to that which is the basis of this action herein involved.

117.   That Defendant FIRESTONE willfully disregarded that knowledge.

118.   That Defendant FIRESTONE'S misconduct as herein alleged, was a proximate cause of the injuries and damages sustained by Plaintiff MELISSA CLAY.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 48334 (248) 855-5090

## COUNT IV - BREACH OF IMPLIED WARRANTY - FIRESTONE

119.   That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as well as other amended and consolidated pleadings as if more fully set forth herein.

120.   That Defendant FIRESTONE impliedly warranted that said tires were free of defects and reasonable safe for their reasonably foreseeable uses.

121.   That Defendant FIRESTONE breached its implied warranty in that said tires were defective and not reasonably fit for their reasonably and foreseeable uses.

122.   That Defendant FIRESTONE breached its implied warranty in the following particulars including, but not limited to:

    a.    The tires were defectively designed, manufactured, and/or assembled;

    b.    The tires were not equipped with adequate component parts;

    c.    The tires were not designed, manufactured and/or assembled in accordance with prevailing industry standards, government rules and regulations;

    d.    The tires were not equipped with adequate safety devices;

    e.    The tires were not supplied with adequate warnings and instructions.

123.   That the defective conditions, jointly and severally, of said tires were a proximate cause of Plaintiff's injuries and damages as hereinbefore alleged.

**WHEREFORE**, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs and attorney's fees.

## COUNT V - BREACH OF EXPRESSED WARRANTY - FIRESTONE

124.   That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as if more fully set forth herein.

125.   That Defendant FIRESTONE made an expressed warranty in violation of MCLA 440.2313.

126.   That Defendant FIRESTONE represented that said tires were safe for their foreseeable uses.

127.   That Defendant FIRESTONE breached its expressed warranty and that such breach was a proximate cause of the injuries and damages sustained by the Plaintiff as hereinbefore alleged.

**WHEREFORE**, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT VI - FRAUD AND MISREPRESENTATION - FIRESTONE

128.   That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as if more fully set forth herein.

129.   That Defendant FIRESTONE'S representation that said tires were safe for their reasonably foreseeable uses amounted to fraud and misrepresentation

130.   That such fraud and misrepresentation was a proximate cause of Plaintiff's injuries and damages as hereinbefore alleged.

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 48334  (248) 855-5090

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT VII- MICHIGAN CONSUMER PROTECTION ACT - FIRESTONE

131.    That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint, as well as amended and consolidated pleadings, as if more fully set forth herein.

132.    That Defendant FIRESTONE is in the business of "trade or commerce" as defined in MCLA 445.902.

133.    That Defendant FIRESTONE was in violation of MCLA 445.903 and committed unfair trade practices for the reasons set forth in this Complaint.

134.    That as a proximate result of Defendant Firestone's violation of the Michigan Consumer Protection Act, Plaintiff, MELISSA CLAY, sustained injuries and damages as hereinbefore alleged.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant FIRESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs and attorney's fees.

## COUNT VIII- NEGLIGENCE - BRIDGESTONE

135.    That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint, as well as amended and consolidated pleadings, as if more fully set forth herein.

136.    That Defendant BRIDGESTONE owed Plaintiff, MELISSA CLAY, the legal duty and legal continuing duty to design, manufacture, assemble, test, service, sell, distribute, instruct, warn, and recall said tires in such manner so as to eliminate unreasonable and foreseeable risks of injury.

137.    That Defendant BRIDGESTONE breached its duty owed to Plaintiff, MELISSA CLAY, and was negligent in the following particulars including but not limited to:

    a.    Failing to adequately design, manufacture assemble, test, distribute, sell, supply, instruct and recall said tires;

    b.    Failing to supply said tires free of defects and reasonably fit for their reasonably foreseeable uses;

    c.    Failing to provide adequate component parts for said tires,

    d.    Failing to provide adequate instructions and warnings with regard to said tires,

    e.    Negligently misrepresenting the safety of said tires,

    f.    Failing to recall said tires,

    g.    Failing to advise consumers of the foreseeable and unreasonable risk of injury of said tires,

    h.    Failing to correct deficiencies within said tires prior to the date of incident,

    I.    Failing to correct deficiencies and warnings and instructions regarding said tires prior to the date of incident,

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 48334 (248) 855-5090

j.    Failing to use feasible and practical design alternatives to reduce the risk of injury of said tires,

k.    Failing to use feasible and practical manufacturing alternatives to reduce the risk of injury from said tires,

l.    Other acts and/or omissions which will be ascertained during discovery and with Plaintiff reserves the right to amend and incorporate herein.

138.    That as a direct and proximate result of Defendant BRIDGESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, was caused severe and grievous injuries, the full extent of which is not presently known but which would include, but not be limited to permanent reduction in range of motion, permanent scarring from a laceration and abrasion – all causing pain, suffering, disability, disfigurement, emotional and mental anxiety, humiliation, and the loss of the natural enjoyment of life;

139.    That as a direct and proximate result of Defendant BRIDGESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has been required to undergo medical care and treatment, including surgery, hospitalization and rehabilitation, and may, in the future, be required to undergo further medical care and treatment.

140.    That as a direct result of Defendant BRIDGESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has been required to expend various sums of money and/or incur various monetary obligations and in the future be required to make additional expenditures and/or incur further monetary obligations.

141.    That as a direct and proximate result of Defendant BRIDGESTONE'S negligence as aforesaid, Plaintiff, MELISSA CLAY, has sustained pain and suffering, loss of enjoyment of life disfigurement, mental and emotional distress, and other non-economic loss.

142.    That as a further direct and proximate result of Defendant BRIDGESTONE'S negligence, as aforesaid, Plaintiff, MELISSA CLAY, has sustained a diminution in her earning capacity.

143.    That Plaintiff, MELISSA CLAY, further avers the Defendant BRIDGESTONE may or could have aggravated pre-existing physical or mental conditions that were not then apparent to Plaintiff at the time of the occurrence.

**WHEREFORE**, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT IX - CROSS NEGLIGENCE - BRIDGESTONE

144.    That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint, as well as other amended and consolidated pleadings, as if more fully set forth herein.

145.    That prior to the date of incident Defendant BRIDGESTONE had knowledge that said tires were defective and that there was a substantial likelihood that the defect would cause injury to others, such as but not limited to Plaintiff.

146.    That prior to the date of incident Defendant BRIDGESTONE willfully disregarded that knowledge.

147.    That Defendant BRIDGESTONE'S misconduct as herein alleged was a proximate cause of the injuries and damages sustained by Plaintiff, MELISSA CLAY.

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 49334 (248) 855-5090

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT X - RECKLESSNESS - BRIDGESTONE

148.     That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint, as well as other amended and consolidated pleadings, as if more fully set forth herein.

149.     That prior to the date of incident Defendant BRIDGESTONE had knowledge that said tires were defective and that there was a substantial likelihood that the defect would cause injury such as but not limited to that which is the basis of this action herein involved.

150.     That Defendant BRIDGESTONE willfully disregarded that knowledge.

151.     The Defendant BRIDGESTONE'S misconduct as herein alleged, was a proximate cause of the injuries and damages sustained by Plaintiff, MELISSA CLAY.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT XI BREACH OF IMPLIED WARRANTY - BRIDGESTONE

152.     That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint, as well as other amended and consolidated pleadings, as if more fully set forth herein.

153.     That Defendant BRIDGESTONE impliedly warranted that said tires were free of defects and reasonable safe for their reasonably foreseeable uses.

154.     That Defendant BRIDGESTONE breached its implied warranty in that said tires were defective and not reasonably fit for their reasonably and foreseeable uses.

155.     That Defendant BRIDGESTONE breached its implied warranty in the following particulars including, but not limited to:

    a.     The tires were defectively designed, manufactured. and/or assembled;

    b.     The tires were not equipped with adequate component parts;

    c.     The tires were not designed, manufactured and/or assembled in accordance with prevailing industry standards, government rules and regulations;

    d.     The tires were not equipped with adequate safety devices;

    e.     The tires were not supplied with adequate warnings and instructions.

156.     That the defective conditions, jointly and severally, of said tires were a proximate cause of Plaintiff's injuries and damages as hereinbefore alleged.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT XII- BREACH OF EXPRESSED WARRANTY BRIDGESTONE

157.     That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as if more fully set forth herein.

ADLER & ASSOCIATES, 30300 NORTHWESTERN HWY., SUITE 304, FARMINGTON HILLS, MI 48334 (248) 855-5090

158. That Defendant BRIDGESTONE made an expressed warranty in violation of MCLA 440.2313.

159. That Defendant BRIDGESTONE represented that said tires were safe for their foreseeable uses.

160. That Defendant BRIDGESTONE breached its expressed warranty and that such breach was a proximate cause of the injuries and damages sustained by the Plaintiff as hereinbefore alleged.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests, costs, and attorney's fees.

## COUNT XIII - FRAUD AND MISREPRESENTATION - BRIDGESTONE

161. That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint as if more fully set forth herein.

162. That Defendant BRIDGESTONE'S representation that said tires were safe for their reasonably foreseeable uses amounted to fraud and misrepresentation.

163. That such fraud and misrepresentation was a proximate cause of Plaintiff's injuries and damages as hereinbefore alleged.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests costs, and attorney's fees.

## COUNT XIV - MICHIGAN CONSUMER PROTECTION ACT - BRIDGESTONE

164. That Plaintiff, MELISSA CLAY, repeats and realleges each and every allegation contained in this Complaint, as well as amended and consolidated pleadings, as if more fully set forth herein.

165. That Defendant BRIDGESTONE is in the business of "trade or commerce" defined in MCLA 445.902.

166. That Defendant BRIDGESTONE was in violation of MCLA 445.903 and committed unfair trade practices for the reasons set forth in this Complaint.

167. That as a proximate result of Defendant BRIDGESTONE'S violation of the Michigan Consumer Protection Act of the Plaintiffs sustained injuries and damages as hereinbefore alleged.

WHEREFORE, Plaintiff, MELISSA CLAY, claims judgment against Defendant BRIDGESTONE in whatever amount is deemed fair, just, and reasonable by the trier of fact together with interests costs and attorney's fees.

Respectfully submitted,


By: _____
        BARRY D. ADLER  (P30557)
        Attorney for Plaintiff
        30300 Northwestern Hwy., #304
        Farmington Hills, MI  48334
Dated: October 8, 2002              (248) 855-5090

# Butzel Long

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

KATHERINE L. O'CONNOR

DIRECT DIAL (313) 225-7092
INTERNET oconnor@butzel.com

DETROIT OFFICE
SUITE 900   150 WEST JEFFERSON
DETROIT, MICHIGAN 48226-4450
(313) 225-7000  fax (313) 225-7080

November 19, 2002

*VIA FACSIMILE*

Mr. Barry D. Adler
30300 Northwestern Hwy, #304
Farmington Hills, MI 48334

　　　　　Re:　　Clay v. Bridgestone/Firestone North American Tire, LLC et al.
　　　　　　　　Case No: 02-232243-NP

Dear Mr. Adler:

　　　　We will be representing the interests of Bridgestone/Firestone North American Tire, LLC in the above referenced matter.

　　　　From a review of the allegations of the First Amended Complaint, it appears as though you may be seeking a recovery in this case in excess of $75,000.00. Unless you confirm to us in writing by 12:00 p.m. tomorrow (11/20/02), co-signed by your client, that you will not be seeking a recovery in excess of $75,000.00 in this case, we will proceed accordingly.

　　　　If you have any questions, please do not hesitate to contact me.

　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　Katherine L. O'Connor

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MELISSA CLAY,

     Plaintiff,

vs.

Case No. 02-232243-NP
Honorable Kaye Tertzag

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, a Delaware corporation, and
BRIDGESTONE CORPORATION, a foreign corporation,

     Defendants.

_____/

| **ADLER & ASSOCIATES** | **BUTZEL LONG** |
|---|---|
| Barry D. Adler (P30557) | Daniel P. Malone (P29470) |
| 30300 Northwestern Hwy, #304 | Lynn A. Sheehy (P38162) |
| Farmington Hills, MI 48334 | Katherine L. O'Connor (P57406) |
| (248) 855-5090 | 150 West Jefferson, Suite 900 |
| Attorneys for Plaintiff | Detroit, Michigan 48226 |
| | (313) 225-7000 |
| | Attorneys for Defendant |

_____/

### NOTICE OF FILING NOTICE OF REMOVAL
### OF DEFENDANT BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC

TO:    BARRY D. ADLER (P30557)     Clerk of the Court
        Adler & Associates            **Wayne County Circuit Court**
        30300 Northwestern Hwy, #304   2 Woodward Ave.
        Farmington Hills, Michigan 48334  Detroit, MI 48226

**PLEASE TAKE NOTICE** that Defendant Bridgestone/Firestone North American Tire, LLC (hereinafter "BFS"), has on November 20, 2002, filed its Notice of Removal, a copy of which is attached hereto as Exhibit 1, in the Office of the Clerk of the United States District Court for the Eastern District of Michigan, Southern Division.

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

You are also advised that Defendant BFS, upon filing of its Notice of Removal as above stated, filed a copy of this Notice of Filing Notice of Removal with a copy of its Notice of Removal attached as Exhibit 1, with the Wayne County Circuit Court, in the State of Michigan, in accordance with 28 U.S.C. §1446(d).

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: _____

Daniel P. Malone (P29470)
Lynn A. Sheehy (P38162)
Katherine L. O'Connor (P57406)
150 West Jefferson, Suite 900
Detroit, Michigan  48226
(313) 225-7000
Attorneys for Defendant BFS

Dated:  November 20, 2002

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA CLAY,

Case No. _____

       Plaintiff,

Honorable _____

vs.

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, a Delaware corporation, and
BRIDGESTONE CORPORATION, a foreign corporation,

       Defendants.

_____/

| ADLER & ASSOCIATES | BUTZEL LONG |
|---|---|
| Barry D. Adler (P30557) | Daniel P. Malone (P29470) |
| 30300 Northwestern Hwy, #304 | Lynn A. Sheehy (P38162) |
| Farmington Hills, MI 48334 | Katherine L. O'Connor (P57406) |
| (248) 855-5090 | 150 West Jefferson, Suite 900 |
| Attorneys for Plaintiff | Detroit, Michigan  48226 |
| | (313) 225-7000 |
| | Attorneys for Defendant |

_____/

### AFFIDAVIT OF LYNN A. SHEEHY

STATE OF MICHIGAN    )
                )ss
COUNTY OF WAYNE     )

     **Lynn A. Sheehy,** being duly sworn, deposes and says that she is one of the attorneys for

Defendant Bridgestone/Firestone North American Tire, LLC named in the attached Notice of Removal;

that she has read the Notice of Removal so signed by herself as attorney for Defendant and knows the

contents thereof, and that the statements of fact therein contained are true to the best of her own

knowledge, except such as are made upon information and belief, and as to those matters she believes the

same to be true.

_Lynn A Sheehy_
Lynn A. Sheehy

Dated:  11/20/02

Subscribed and sworn to before me
this 20th day of November, 2002

_Patricia M Lesczynski_
Notary Public

_Monroe_____ County, Michigan   _acting in Wayne County, Michigan_
My commission expires:

    **PATRICIA M. LESCZYNSKI**
    **Notary Public, Monroe County, MI**
    **My Commission Expires Jan. 2, 2006**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA CLAY,

      Plaintiff                      Case No:

vs.                               Hon.

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC, a Delaware Corporation, and
BRIDGESTONE CORPORATION, a foreign corporation,

      Defendants.

| ADLER & ASSOCIATES | BUTZEL LONG |
|---|---|
| By:  Barry D. Adler (P30557) | By:  Daniel P. Malone (P29470) |
| 30300 Northwestern Highway, Suite 304 |      Lynn A. Sheehy (P38162) |
| Farmington Hills, MI  48334 | 150 W. Jefferson, Suite 900 |
| (248) 855-5090 | Detroit, MI  48226 |
| Attorneys for Plaintiff | (313) 225-7000 |
| | Attorneys for the Firestone Defendants |

### PROOF OF SERVICE

STATE OF MICHIGAN    )
                       )SS
COUNTY OF WAYNE     )

    **BRENDA LEE YNCLAN**, being duly sworn, deposes and says that on the 20th of November, 2002, she served copies of Notice of Filing Notice of Removal of Defendant Bridgestone/Firestone North American Tire, LLC, and Notice of Removal of Defendant Bridgestone/Firestone North American Tire, LLC in the above-entitled matter upon:

        Barry D. Adler, Esq.,
        Adler & Associates
        30300 Northwestern Highway, Suite 304
        Farmington Hills, MI  48334

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

by enclosing said document(s) in an envelope properly addressed to the above individual with postage fully prepaid and by depositing said envelope in the United States mail, Detroit, Michigan.

BRENDA LEE YNCLAN

The signator is known to me and acknowledged the foregoing instrument this 20th day of November, 2002.

DIANE R. MCELROY
Notary Public, Wayne County, MI
My Commission Expires Dec. 21, 2006

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

2